COBB, Judge.
Alfonso Wesley appeals from an order of the trial court denying his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P. On April 13, 1993, Wesley was convicted of robbery in the first degree, a violation of § 13A-8-41, Ala.Code 1975, and kidnapping in the first degree, a violation of § 13A-6-43, Ala.Code 1975. On April 15, 1994, we affirmed those convictions on direct *856 appeal by an unpublished memorandum. The certificate of judgment was issued on June 14,1994.
On May 30, 1996, Wesley filed the instant Rule 32 petition. On July 22,1996, the State filed a response to the petition, asserting that relief was precluded under Rule 32.2(a)(3) and (6), Ala.R.Crim.P.; Rule 32.6(b), Ala. R.Crim.P.; and Rule 32.2(c), Ala.R.Crim.P. On January 22, 1997, after an evidentiary hearing in which the trial judge addressed two of the three issues raised in Wesley’s petition, the trial judge issued an order stating, in pertinent part:
“[I]it is the finding of the Court that under Rule 32.2(c), Alabama Rules of Criminal Procedure, petitioner is precluded from relief by operation of law as more than two (2) years have elapsed since the affirmance of his conviction on July 7, 1980; nor does this matter' come within the purview of Rule 32.1.
The relief sought is due to be denied and it is, by this order, denied — petition dismissed.” [1]
Wesley presents the following issues on appeal: (1) whether he received ineffective assistance of both trial and appellate counsel; (2) whether he was denied a full and fair evidentiary hearing; (3). whether the trial court erred in refusing to issue a subpoena duces tecum ordering the clerk of the Jefferson Circuit Court to turn over to Wesley documents regarding the selection process for the grand jury foreperson. Wesley also indicated, by placing a cheek mark next to the appropriate grounds in his form petition, that several other violations had been committed against him, but he failed to support these allegations.
The trial judge’s reliance on the two-year limitations period as a basis on which to deny Wesley’s petition was erroneous. Pursuant to Rule 32.2(c), Wesley had two years after the issuance of the certificate of judgment by the Court of Criminal Appeals to file a Rule 32 petition. See Rule 41, Ala.R.App.P. The certificate of judgment was issued on June 14, 1994. Wesley filed this petition on May 30, 1996. The two-year limitations period expired on June 14, 1996. Wesley’s petition was timely filed.
We'reverse the trial court’s denial of Wesley’s Rule 32 petition and remand this cause to the trial court to consider the grounds for relief raised in Wesley’s petition. The trial court is instructed to make specific findings of fact on return to remand relating to each material issue of fact presented. The trial court is authorized to take additional evidence pursuant to Rule 32.9, Ala.R.Crim.P., if necessary to the resolution of this cause. A return to remand shall be filed with this court within 63 days.
REMANDED WITH INSTRUCTIONS. *
All the Judges concur.

. In the case of a conviction appealed to the Court of Criminal Appeals, the statute of limitations begins to run on the date the certificate of judgment is issued.

 Note from the reporter of decisions: On October 17, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.